**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION**

JOHN F. WILSON,                :
                                 :
        Plaintiff,          :
                                 :
       v.                   :      CIVIL ACTION NO.
                                 :      2:11-CV-00135-RWS
JP MORGAN CHASE BANK,      :
N.A., PHILIP L. MARTIN, P.C.,     :
PHILIP L. MARTIN, individually     :
and in his corporate capacity, and   :
SHONIA SHAW, individually and
in his corporate capacity.

         Defendants.

<u>**ORDER**</u>

This case comes before the Court on Plaintiff's Motion for Preliminary

Injunction and Temporary Restraining Order [2], Defendants Philip L. Martin,

Philip L. Martin P.C., and Shonia Shaw's Motion to Dismiss [18] and Motion

for Leave to File an Amended Reply Brief in Support of Defendants' Motion to

Dismiss [28], Plaintiff's Motion in Opposition and Objection to Defendants'

Motion to Dismiss; Alternatively Plaintiff's Motion for Judgment on the

Pleading [sic] [29], Plaintiff's Second Motion in Opposition and Objection to

All Defendants [sic] Motion to Dismiss; and Plaintiff's Motion for Judgment on

the Ploeadings [sic] [32], Plaintiff's Motion for Oral Argument [33],

Defendants Philip L. Martin, Philip L. Martin P.C., and Shonia Shaw's Motion

to Strike and Response to Motion for Oral Argument [34], Plaintiff's Motion to

Correct the Record [38], and, finally, Defendants' Joint Response and Motion to

Strike Plaintiff's Motion to Correct the Record [39].  After considering the

Record, the Court enters the following Order.

  The Court addresses two preliminary matters.  First, the Court finds that

oral argument will not aid the Court in resolving Plaintiff's Motion for

Judgment on the Pleadings and accordingly **DENIES** Plaintiff's Motion for

Oral Argument [33].  Second, the Court **GRANTS** the Martin Defendants'

Motion for Leave to File an Amended Reply Brief in Support of Defendants'

Motion to Dismiss [28].  The Court will consider the Amended Reply Brief for

purposes of resolving the Martin Defendants' Motion to Dismiss.

### Background

  This case arises out of Defendants' attempt to foreclose on Plaintiff's

home.  The Complaint [1] contains few factual allegations, but accepting them

as true, the facts are as follows.

2

Plaintiff and his wife, Donna Wilson, entered into a loan refinance on October 26, 2007 with JP Morgan Chase Bank, N.A. ("JPMorgan") in the amount of $192,500.00 (the "Loan").  (Compl., Dkt. No. [1] ¶ 7.)  In connection with the Loan, Plaintiff gave a Deed to Secure Debt (the "Security Deed") against property located at 5850 Yellow Creek Road, Murrayville, Georgia 30564 (the "Property").  (Id.; see also Compl. Ex. A, Dkt. [8-1] (Security Deed).)  By 2009, it appears Plaintiff had defaulted on his loan obligations and was facing foreclosure.  (Compl. Ex. F, Dkt. [8-9, 8-10, 8-11].)

Defendant Philip L. Martin, P.C. is a Georgia law firm that also operates under the name Martin & Brunavs, An Association of Professional Corporations ("Martin & Brunavs").  (Compl., Dkt. No. [1] ¶ 4.)  Defendant Philip L. Martin is the CEO and registered agent of Philip L. Martin, P.C., and Defendant Shonia Shaw is the Paralegal Manager of Philip L. Martin, P.C. (Id. ¶¶ 4-5.)  Philip L. Martin and Martin & Brunavs were retained by Chase Home Finance, LLC to institute foreclosure proceedings upon Plaintiff's default.  (Compl. Ex. E, Dkt. No. [8-5, 8-6, 8-7].)  In this capacity, Martin & Brunavs executed an Assignment of Real Estate Deed to Secure Debt from

AO 72A
(Rev.8/82)

JPMorgan to Chase Home Finance, LLC, which was recorded in Hall County, Georgia on March 2, 2009.  (Compl. Ex. D, Dkt. No. [8-4].)

The parties have engaged in substantial litigation over the attempted foreclosure at issue in this case, both in this Court and in state court.  (Compl., Dkt. No. [1] ¶¶ 8-12.)  On October 23, 2009, Plaintiff, acting pro se, filed an action in this Court against Defendant JPMorgan, which the Court dismissed as frivolous by Order dated May 4, 2010.  John Franklin Wilson v. JPMorgan Chase & Co., No. 2:09-cv-00184-RWS (N.D. Ga. May 4, 2010).  Defendant JPMorgan subsequently brought a quiet title action against Plaintiff in the Superior Court of Hall County.  (Compl., Dkt. No. [1] ¶ 9.)  This action appears to remain pending.

Plaintiff filed his Complaint in this case on June 2, 2011, purporting to allege five causes of action against all Defendants arising out of the attempted foreclosure on his loan.  In Counts I and II, Plaintiff alleges that the signatures on his Promissory Note and the Security Deed were forged.  (Dkt. No. [1] ¶¶ 13-15.)  In Count III, Plaintiff alleges that the Martin Defendants "robo-signed" the Assignment of the Security Deed from JPMorgan to Chase Home Finance, LLC and attempted to conduct a non-judicial foreclosure sale without proper

4

authority.  (Id. ¶¶ 16-18.)  With respect to the latter claim, Plaintiff contends

that the Martin Defendants lacked authority to foreclose because no Waiver of

Borrower's Rights could be found in the Hall County property records.  (Id. ¶

19.)

In Count IV, Plaintiff alleges the attempted foreclosure is wrongful

because the lender failed to obtain the "express permission from the Department

of the Veteran Administration (the "VA") or through the Secretary of HUD"

before attempting to foreclose.[1]  (Id. ¶ 21.)  Finally, in Count V, entitled

"Attempt to Foreclose to Suppress Misdeeds of Defendant," Plaintiff alleges

that Defendants have engaged in "robo-signing" for the purpose of

"suppress[ing] their misdeeds with respect to the 'Forged' Promissory Note."

(Id. ¶ 23.)  Plaintiff also alleges that JPMorgan "mischaracterized" the source of

funding for the Loan and has refused to produce audit records showing the

source of that funding.  (Id. ¶ 25.)

Based on the foregoing allegations, Plaintiff seeks a declaratory judgment

that the Promissory Note and Security Deed are void as forgeries.  (Id. ¶ 26.)

---

[1] Exhibit C to the Complaint shows that Plaintiff's loan is guaranteed by the
VA.  (Dkt. No. [8-3].)

AO 72A
(Rev.8/82)

Plaintiff also seeks compensatory and punitive damages for alleged wrongful conduct connected with the attempted foreclosure.  (Id.)  Finally, Plaintiff seeks injunctive relief to enjoin any future attempt at foreclosure.  (Id.)

The Court first considers the Martin Defendants' Motion to Dismiss before turning to the other motions currently before the Court.

## Discussion

## I.      Martin Defendants' Motion to Dismiss [18]

### A.      Motion to Dismiss Legal Standard

The Martin Defendants move to dismiss the Complaint under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim for which relief can be granted.  When considering a 12(b)(6) motion to dismiss, a federal court is to accept as true "all facts set forth in the plaintiff's complaint."  Grossman v. Nationsbank, N.A., 225 F.3d 1228, 1231 (11th Cir. 2000) (citation omitted). Further, the court must draw all reasonable inferences in the light most favorable to the plaintiff.  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555-56 (2007) (internal citations omitted); Bryant v. Avado Brands, Inc., 187 F.3d 1271, 1273 n.1 (11th Cir. 1999).  However, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will

AO 72A
(Rev.8/82)

not do.'" <u>Ashcroft v. Iqbal</u>, 556 U.S 662, 129 S. Ct. 1937, 1949 (2009) (quoting

<u>Twombly</u>, 550 U.S. at 555).  "Nor does a complaint suffice if it tenders 'naked

assertion[s]' devoid of 'further factual enhancement.'"  <u>Id.</u>

 The United States Supreme Court has dispensed with the rule that a

complaint may only be dismissed under Rule 12(b)(6) when "'it appears beyond

doubt that the plaintiff can prove no set of facts in support of his claim which

would entitle him to relief.'"  <u>Twombly</u>, 127 U.S. at 561 (quoting <u>Conley v.</u>

<u>Gibson</u>, 355 U.S. 41, 45-46 (1957)).  The Supreme Court has replaced that rule

with the "plausibility standard," which requires that factual allegations "raise

the right to relief above the speculative level."  <u>Id.</u> at 556.  The plausibility

standard "does not[, however,] impose a probability requirement at the pleading

stage; it simply calls for enough facts to raise a reasonable expectation that

discovery will reveal evidence [supporting the claim]."  <u>Id.</u>

 B. <u>Analysis</u>

 As stated above, the Martin Defendants move to dismiss the Complaint

for failure to state a claim upon which relief can be granted.  They also contend

the Complaint constitutes an impermissible shotgun pleading.  The Court

considers each contention below.

*1.     Shotgun Pleading*

As an initial matter, the Court agrees with the Martins that Plaintiff's Complaint is a quintessential shotgun pleading that could be dismissed for failure to comply with the pleading requirements of the Federal Rules of Civil Procedure.  The typical shotgun pleading is one that "contains several counts, each one incorporating by reference the allegations of its predecessors, leading to a situation where most of the counts (i.e., all but the first) contain irrelevant factual allegations and legal conclusions." Strategic Income Fund, LLC v. Spear, Leeds & Kellogg Corp., 305 F.3d 1293, 1295 (11th Cir. 2002).  The term also refers to pleadings that are "replete with factual allegations and rambling legal conclusions." Osahar v. U.S. Postal Service, 297 F. App'x 863, 864 (11th Cir. 2008).  The Eleventh Circuit has repeatedly condemned the use of shotgun pleadings for "imped[ing] the administration of the district courts' civil docket." PVC Windoors, Inc. v. Babbitbay Beach Constr., N.V., 598 F.3d 802, 806 n.4 (11th Cir. 2010).  Indeed, shotgun pleadings require the court to sift through rambling and often incomprehensible allegations in an attempt to separate the meritorious claims from the unmeritorious, resulting in a "massive waste of judicial and private resources." Id. (citation omitted).  The Eleventh Circuit

8

thus has established that shotgun pleading is an unacceptable form of

establishing a claim for relief.  Strategic Income Fund, 305 F.3d at 1296.

The Complaint in this case is a quintessential shotgun pleading.  It is full

of vague and conclusory allegations that make it difficult for the Court to

understand the claims Plaintiff is asserting and the factual bases that underlie

them.  Furthermore, Plaintiff does not specify which facts, if any, support which

claims for relief, or which allegations and causes of action pertain to which

Defendants.  The Court has no doubt that the state of this Complaint made it

difficult for the Martin Defendants to put forward their defense.  Generally, the

appropriate response to a shotgun complaint is to dismiss it and allow the

plaintiff an opportunity to amend to provide greater specificity.  Anderson v.

Dist. Bd. of Trs. of Cent. Fla. Cmty. Coll., 77 F.3d 364, 366 (11th Cir. 1996).

In light of the fact that Plaintiff was proceeding pro se at the time he filed the

Complaint, however, the Court will consider its merits rather than dismiss it and

require Plaintiff to replead.

2.    *Failure to State a Claim*

Having considered the merits of the Complaint, the Court agrees with the

Martin Defendants that Plaintiff has failed to state a claim against them upon

which relief can be granted.  In Counts I and II, Plaintiff challenges the

Promissory Note and Security Deed as forgeries.  Plaintiff has failed to state a

claim against the Martin Defendants in either of these Counts, however,

because based on the allegations in the Complaint, the Martin Defendants are

not Plaintiff's lender and did not participate in obtaining Plaintiff's loan or

executing any of the documents Plaintiff contends were forged.  On the

contrary, Plaintiff specifically has shown that the Martin Defendants were

retained by Chase Home Finance, LLC to institute foreclosure proceedings after

Plaintiff defaulted on the underlying loan.  (Compl. Ex. E, Dkt. No. [8-5, 8-6, 8-

7].)  Accordingly, even accepting as true the allegations that the Promissory

Note and Security Deed were forged, Plaintiff has alleged no facts showing it is

entitled to relief from the Martin Defendants.

Count III similarly fails to state a claim against the Martin Defendants.

As stated in the Background Section, supra, in this Count, Plaintiff first

contends that the Martin Defendants "robo-signed" the Assignment of the

Plaintiff's Security Deed from JPMorgan to Chase Home Finance, LLC.

(Compl., Dkt. No. [1] ¶¶ 16-18.)  Aside from the fact that Plaintiff has alleged

no facts whatsoever to show that the Assignment was "robo-signed," this claim

10

must fail because "there is no such cause of action in Georgia." Reynolds v.

JPMorgan Chase Bank N.A., No. 5:11-cv-311-MTT, 2011 WL 5835925, at *3

(M.D. Ga. Nov. 21, 2011).  Plaintiff also alleges in Count III that the Martin

Defendants lacked authority to conduct a non-judicial foreclosure sale because

no Waiver of Borrower's Rights could be found in the Hall County property

records.  (Compl., Dkt. No. [1] ¶ 19.)  Plaintiff, however, points to no legal

authority for the proposition that such a Waiver must be recorded in the land

records, nor does Plaintiff allege sufficient facts to otherwise show with

plausibility that the Martins lacked authority to foreclose.[2]

---

[2] The Court notes that the Martins have attached as Exhibit B to their Motion to Dismiss a Waiver of Borrower's Rights that appears to have been duly executed by Plaintiff.  (Dkt. No. [18-3].)  The Court "may consider a document attached to a motion to dismiss without converting the motion into one for summary judgment if the attached document is (1) central to plaintiff's claim and (2) undisputed.  In this context, 'undisputed' means that the authenticity of the document is not challenged." Day v. Taylor, 400 F.3d 1272, 1276 (11th Cir. 2005).  In opposition to the Martin Defendants' Motion to Dismiss, Plaintiff opposes consideration of the Waiver of Borrower's Rights attached to the motion to dismiss until its authenticity is established by a full evidentiary hearing.  (Pl.'s Opp'n to Martin Defs.' Mot. to Dimiss ("Pl.'s Opp'n"), Dkt. No. [21] at 6.)  While Plaintiff does not overtly dispute the document's authenticity, Plaintiff questions it on the basis that the document was not recorded in the Hall County records.  (Id.)  While the Court likely could consider this document in connection with the Motion to Dismiss, in an abundance of caution, it declines to do so and dismisses instead on the equally valid basis that Plaintiff has alleged no facts to plausibly show the Martins lack authority to foreclose.

11

Count IV likewise fails to state a claim against the Martins.  In this Count, Plaintiff alleges that the attempted foreclosure is wrongful because the lender failed to obtain permission to foreclose from the VA or the Secretary of HUD.  (Compl., Dkt. No. [1] ¶ 21.)  Plaintiff, however, fails to point to any legal authority for the proposition that foreclosing attorneys must obtain the consent of the VA or Secretary of HUD before initiating non-judicial foreclosure proceedings on guaranteed loans.  Under 38 U.S.C. § 3732(a)(1), when a loan guaranteed by the VA goes into default, the "holder of the obligation" is required to give notice to the Secretary of the VA; the "holder of the obligation" is also required to give such notice "[b]efore suit or foreclosure," id. § 3732(a)(2)(A).  See also 38 C.F.R. § 36.4317 (imposing requirements on loan servicers to give notice to Secretary of the VA under certain circumstances).  As the Martin Defendants argue, however, none of these provisions imposes a notice requirement on foreclosing attorneys, much less a requirement that they obtain permission from the Secretary of the VA or of the HUD prior to instituting non-judicial foreclosure proceedings.  As Plaintiff has failed to point to any other legal authority for this claim, it necessarily fails.

Finally, the allegations of Count V, which Count is entitled "Attempt to Foreclose to Suppress Misdeeds of Defendant," fail to state a claim for relief against the Martin Defendants. As stated above, Plaintiff alleges that Defendants collectively have engaged in "robo-signing" to "suppress their misdeeds with respect to the 'Forged' Promissory Note." (Compl., Dkt. No. [1] ¶ 23.) Plaintiff further alleges that JPMorgan misrepresented the source of the funding of Plaintiff's loan and has refused to produce audit records in this regard. (Id. ¶ 24-25.) To the extent Plaintiff seeks to state a claim against the Martins for robo-signing, this claim fails for the reasons discussed above in connection with Plaintiff's Count III. To the extent Plaintiff is challenging the propriety of his loan, the Court agrees that "such challenges have no basis in fact or law against the Martin Defendants as they were not involved in the loan process." (Martin Defs.' Mot. to Dismiss, Dkt. No. [18-1] at 14-15.)

In opposition to the Martin Defendants' Motion to Dismiss, Plaintiff does not respond substantively to the arguments advanced in the motion. Instead, Plaintiff spends almost the entirety of his submission urging the Court to find the Martins in default for failing to file a "verified" pleading, which Plaintiff contends is required under Georgia law. (See generally Pl.'s Opp'n, Dkt. No.

13

[21].)  This argument, however, is misplaced, as the Federal Rules of Civil

Procedure–not Georgia law–govern the pleading requirements in this case,

which Plaintiff originally filed in federal court.  See also Kirkland v. Guardian

Life Ins. Co., 352 F. App'x 293, 297 (11th Cir. 2009) (holding in diversity case

removed to federal court that Federal Rule of Civil Procedure 11 applied over

Georgia rule requiring verified answer to verified complaint).  Under the

Federal Rules, "[u]nless a rule or statute specifically states otherwise, a

pleading need not be verified or accompanied by an affidavit." FED. R. CIV. P.

11.  Plaintiff cites no rule or statute requiring the Martins in this case to file a

verified motion to dismiss, and the Court knows of none.  Accordingly, it is of

no moment that the motion to dismiss is not verified.

The Court concludes that Plaintiff has failed to state a claim against the

Martin Defendants and that the Complaint must be dismissed in its entirety as to

them.  Accordingly, the Court hereby **GRANTS** the Martin Defendants' Motion

to Dismiss [18].

**II.     Plaintiff's Motion to Correct the Record [38] & Defendants' Joint**

**Response and Motion to Strike [39]**

In his Motion to Correct the Record [38], Plaintiff moves the Court to

treat his Second Motion for Judgment on the Pleadings[3] [32] as an amendment

to his original Motion for Judgment on the Pleadings[4] [29]; Plaintiff also seeks

to have the Second Motion [32] re-captioned as "Amended Objection to

Dismiss and Motion for judgment on the Pleadings with Incorporated Brief in

response to both Defendants."  (Pl.'s Mot. to Correct the Record, Dkt. No.

[38].)  The Court deems this Motion [38] to be a Motion for Leave to Amend

Plaintiff's original Motion for Judgment on the Pleadings, which the Court

hereby **GRANTS**.  Correspondingly, the Court hereby **DENIES** Defendants'

Joint Motion to Strike [39].

     In accordance with the foregoing, the Court **DEEMS WITHDRAWN**

Plaintiff's First Motion for Judgment on the Pleadings [29].  The Court will

consider only Plaintiff's Second Motion for Judgment on the Pleadings [32], to

which the Court will refer as "Plaintiff's Amended Motion for Judgment on the

Pleadings."

------------------------

[3] This Motion is captioned "Plaintiff's Second Motion in Opposition and Objection to All Defendants [sic] Motion to Dismiss; And, Plaintiff's Motion for Judgment on the Ploedings [sic]."

[4] This Motion is captioned "Plaintiff's Motion in Opposition and Objection to Defendants [sic] Motion to Dismiss; Alternatively Plaintiff's [sic] Motion for Judgment on the Pleading [sic]."  The Court treats this Motion as a motion for judgment on the pleadings and will refer to it as such.

AO 72A
(Rev.8/82)

### III.     Plaintiff's Amended Motion for Judgment on the Pleadings [32] & Martin Defendants' Motion to Strike [34]

As a threshold matter, and in light of the Court's ruling in Part I, <u>supra</u>, granting the Martin Defendants' Motion to Dismiss, the Court hereby **DENIES as moot** Plaintiff's Motion for Judgment on the Pleadings [32] against the Martin Defendants.[5]  The Court also **DENIES as moot** the Martin Defendants' Motion to Strike [34].  Accordingly, the Court considers Plaintiff's motion only as against Defendant JPMorgan.

Plaintiff seeks a judgment on the pleadings in its favor against Defendant JPMorgan, both on the claims in the Complaint and JPMorgan's Counterclaim (Dkt. No. [13] at 8-11).  In connection with this motion, Plaintiff additionally suggests that sanctions against JPMorgan for abusive litigation are appropriate, pursuant to Rule 11 of the Federal Rules of Civil Procedure, in light of

---

[5] The Court notes that even if it had not granted the Martin Defendants' Motion to Dismiss, it would deny Plaintiff's Motion for Judgment on the Pleadings against the Martin Defendants as procedurally improper.  Because the Martin Defendants have opted to file a pre-answer motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) and have not yet filed an answer, the pleadings are not closed.  Therefore, Plaintiff cannot seek a judgment on the pleadings.  <u>See</u> FED. R. CIV. P. 12(c) ("*After the pleadings are closed* . . . a party may move for judgment on the pleadings.") (emphasis added); FED. R. CIV. P. 7(a) (listing answer to complaint as an allowable "pleading").

16

JPMorgan's counterclaim, which Plaintiff contends is "not supported by any reasons of fact" and for which Plaintiff blandly argues "[t]here is no need." (Pl.'s Am. Mot. for J. on the Pleadings, Dkt. No. [32] at 17.)

Interestingly, Plaintiff suggests that Defendant JPMorgan should be subject to sanctions for abusive litigation under Rule 11, based on its Counterclaim.  Under Rule 11, when an attorney of record signs his name to a pleading or motion presented to the Court, that attorney certifies to the Court, among other things, that the document is not being presented for an improper purpose, such as to harass or delay,  that the legal contentions presented in the document are "warranted by existing law," and that "the factual contentions have evidentiary support."  Accordingly, when an attorney files duplicative, repetitive, or unnecessary motions, or makes frivolous or otherwise incomprehensible arguments that appear to have no basis in fact or law, the attorney engages in conduct that is at least suspect under the Rule.  Rule 11 authorizes the Court, in such instances, to order the attorney to show cause why such conduct should not be sanctioned.

In this case, the lack of merit in Plaintiff's suggestion of Rule 11 sanctions for JP Morgan's properly-pled Counterclaim is obvious.  While the

AO 72A
(Rev.8/82)

parties have a dispute regarding the facts, JP Morgan has properly pled the facts as alleged by it.  Whether either party has violated Rule 11 by making allegations that have no evidentiary support will ultimately be determined by the evidence the parties can actually produce.  In this regard, Plaintiff's counsel is also cautioned to remember his obligations under Rule 11 and to refrain from filing duplicative and redundant motions that have no legal support.

Addressing Plaintiff's Amended Motion for Judgment on the Pleadings, the Court finds the Motion to be plainly without merit.  "Judgment on the pleadings is proper when no issues of material fact exist, and the movant is entitled to judgment as a matter of law."  Ortega v. Christian, 85 F.3d 1521, 1526 (11th Cir. 1996) (citing FED. R. CIV. P. 12(c)).  While Plaintiff's Motion is difficult to understand, his position seems to be that he is entitled to a judgment on the pleadings because (1) JPMorgan failed to file a verified answer and counterclaim; (2) JPMorgan is not entitled to bring a counterclaim on the Promissory Note because the note is a forgery; and (3) JPMorgan did not follow the requirements of 38 U.S.C. § 3732.  (Pl.'s Am. Mot. for J. on the Pleadings, Dkt. No. [32] ¶¶ 6, 13, 16.)  None of these arguments shows that no issues of material fact exist and that Plaintiff is entitled to judgment as a matter of law.

18

As explained in Part I, <u>supra</u>, there is no requirement under the Federal Rules of Civil Procedure–which apply in this federal court case–that Defendant JPMorgan's Answer or Counterclaim be verified.  Accordingly, this first argument does not support Plaintiff's motion for judgment on the pleadings.  Second, Plaintiff contends he is entitled to judgment on Defendant JPMorgan's Counterclaim because the Promissory Note is a forgery.  Defendant JPMorgan, however, disputes that the Note was forged, and in its Counterclaim has alleged sufficient facts to state a claim for relief based on the Note that is plausible on its face.  (Dkt. No. [13] at 8-11.)  Accordingly, Plaintiff has not shown he is entitled to judgment as a matter of law on the Counterclaim.

Plaintiff's third and final argument likewise fails.  Plaintiff asserts in vague and conclusory terms that Defendant JPMorgan violated the reporting requirements of 38 U.S.C. § 3732, which requirements apply to loans guaranteed by the VA.  However, Plaintiff has pled no facts whatsoever showing with plausibility how JPMorgan violated these requirements.  Thus, wholly apart from the issue of whether there is a private right of action under these Code provisions (which the Court seriously doubts), Plaintiff has failed as a pleading matter to show he is entitled to judgment as a matter of law.  As

19

Plaintiff has failed to show he is entitled to judgment as a matter of law, the Court hereby **DENIES** Plaintiff's Amended Motion for Judgment on the Pleadings.

## IV.   Plaintiff's Motion for Preliminary Injunction and Temporary Restraining Order [2]

As a threshold matter, and in light of the Court's ruling in Part I, <u>supra</u>, granting the Martin Defendants' Motion to Dismiss, the Court hereby **DENIES as moot** Plaintiff's Motion for Preliminary Injunction and Temporary Restraining Order [2] against Defendants Philip L. Martin, Philip L. Martin, P.C., and Shonia Shaw.  Accordingly, the Court considers Plaintiff's motion only as against Defendant JPMorgan.

A preliminary injunction is an "extraordinary and drastic remedy[.]" <u>Zadui-Quintana v. Richard</u>, 768 F.2d 1213, 1216 (11th Cir. 1985).  To obtain such relief, a movant must demonstrate:

> (1) a substantial likelihood of success on the merits of the underlying case, (2) the movant will suffer irreparable harm in the absence of an injunction, (3) the harm suffered by the movant in the absence of an injunction would exceed the harm suffered by the opposing party if the injunction issued, and (4) an injunction would not disserve the public interest.

20

Johnson & Johnson Vision Care, Inc. v. 1-800 Contacts, Inc., 299 F.3d 1242, 1246-47 (11th Cir. 2002).  In this case, the Court need not look beyond the first prong of this test, as the Court finds that based on the significant issues of fact in this case, Plaintiff has failed to show a substantial likelihood of success on the merits of his claims.

## Conclusion

In accordance with the foregoing, the Court hereby **GRANTS** Defendants Philip L. Martin, Philip L. Martin P.C., and Shonia Shaw's Motion to Dismiss [18] and Motion for Leave to File an Amended Reply Brief in Support of Defendants' Motion to Dismiss [28].  The Court **DENIES** Plaintiff's Motion for Oral Argument [33].

The Court **GRANTS** Plaintiff's Motion to Correct the Record [38] and **DENIES** Defendants' Joint Motion to Strike Plaintiff's Motion to Correct the Record [39].  In accordance with this ruling, the Court **DEEMS WITHDRAWN** Plaintiff's Motion in Opposition and Objection to Defendants [sic] Motion to Dismiss; Alternatively, Plaintiff's [sic] Motion for Judgment on the Pleading [sic] ("Plaintiff's First Motion for Judgment on the Pleadings") [29].

21

The Court **DENIES** Plaintiff's Second Motion in Opposition and Objection to All Defendants [sic] Motion to Dismiss; And, Plaintiff's Motion for Judgment on the Ploedings [sic] ("Plaintiff's Amended Motion for Judgment on the Pleadings") [32] against Defendant JPMorgan Chase Bank, N.A., and **DENIES** the same **as moot** against Defendants Philip L. Martin, Philip L. Martin P.C., and Shonia Shaw.  In accordance with the latter ruling, the Court also **DENIES as moot** Defendants Philip L. Martin, Philip L. Martin P.C., and Shonia Shaw's Motion to Strike [34].

Finally, the Court **DENIES** Plaintiff's Motion for a Preliminary Injunction and Restraining Order [2] against Defendant JPMorgan Chase Bank, N.A., and **DENIES** it **as moot** against Defendants Philip L. Martin, Philip L. Martin, P.C., and Shonia Shaw.

**SO ORDERED**, this  24th  day of February, 2012.

RICHARD W. STORY
UNITED STATES DISTRICT JUDGE

22